**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGELINA BOON,<br><br>        Plaintiff,<br><br>v.<br><br>RONALD WELLS, et al.,<br><br>        Defendants. | Civil Action No: 24-6628(SDW)(MAH)<br><br>**WHEREAS OPINION**<br><br>September 13, 2024 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon *pro se* Plaintiff Angelina Boon's complaint received on May 31, 2024 (D.E. 1), and Application to Proceed *in forma pauperis* ("IFP Application") filed on the same day (D.E. 1-1), and this Court having reviewed Plaintiff's submissions; and

    **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1); and

    **WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); and

    **WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil

Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Pro se* litigants "must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), and those factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555; and

**WHEREAS** the complaint, while difficult to follow, seems to allege that defendants Ronald Wells, the East Orange Veterans Affairs ("V.A.") Hospital, its Director Ms. O'Kane, and V.A. Police Major Elvis Perez violated Plaintiff's Fourteenth Amendment rights by facilitating her removal from a Narcotics Anonymous ("N.A.") meeting. (D.E. 1 at 1–4, 6–11.) It also alleges that Mr. Wells and other individuals defamed and harassed Plaintiff, including by making false police reports regarding her behavior at N.A. meetings and having her banned from the building. (*Id.*; *see* D.E. 1-3 at 1, 9, 13.) Plaintiff seeks relief in the form of $1,000,000 and an order banning Mr. Wise from the V.A. (D.E. 1 at 4.)

**WHEREAS** it appears that Plaintiff possesses a Temporary Restraining Order ("TRO") against one of the individuals whose behavior she complains of but is not named as a defendant, Salideen Wise. (*Id.* at 3; D.E. 1-3 at 4–5, 10–11). The 46 pages of records accompanying the complaint reveal that the TRO was issued by the Superior Court of New Jersey (Essex County) and has been an ongoing source of controversy. (D.E. 1-3 at 4–5, 10–11, 13, 27–36.) Alleged violations of this TRO, as well as defamation and harassment, are state law claims.

**WHEREAS** this Court construes Plaintiff's constitutional claims as a Fourteenth Amendment claim for deprivation of liberty without due process of law. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause is "flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). While due process generally requires notice and an opportunity to be heard before the deprivation occurs, a pre-deprivation hearing is not always required—for example, in cases where "the [s]tate must act quickly." *Riveros-Sanchez v. City of Easton*, 861 F. App'x 819, 822 (3d Cir. 2021) (citing *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008)); *see Elsmere Park*, 542 F.3d at 419 (holding that a town did not violate the Fourteenth Amendment when it seized property without a pre-deprivation hearing based on evidence of a potentially "substantial and immediate threat to the health and welfare" of its residents); and

**WHEREAS** the facts alleged in Plaintiff's *pro se* complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that the defendants violated her rights. *Iqbal*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). Plaintiff fails to state a procedural due process claim under the Fourteenth Amendment because—while she alleges that the police removed her from an N.A. meeting without a warrant

3

or cause (D.E. 1 at 7)—she does not sufficiently describe the procedures afforded her and the surrounding circumstances for this Court to determine whether the procedures afforded her before and after the removal were unconstitutional. She also fails to establish that the U.S. Constitution or federal law entitled her to attend the meeting. Without more, these allegations do not present a cognizable claim; and

**WHEREAS** Plaintiff's IFP application indicates that she is 65 years old, has no income or assets, and relies on her children for her monthly expenses of around $1,180, including mortgage payments, utility expenses, medical and dental expenses, and support paid to others. (*See generally* D.E. 1-1.) This Court will therefore allow her to proceed *in forma pauperis*.

Plaintiff's IFP Application is **GRANTED**, and the complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

      /s/ Susan D. Wigenton  
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc:  Michael A. Hammer, U.S.M.J.  
     Parties